48 F.3d 1236
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Donnie L. BEASON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3352.
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1995.
 
 61 M.S.P.R. 599.
 AFFIRMED.
 Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donnie L. Beason seeks review of the decision of the Merit Systems Protection Board (MSPB), Docket No. AT831E930829-I-1, in which the MSPB affirmed a decision of the Office of Personnel Management (OPM), denying, as untimely, Ms. Beason's request for reconsideration of an initial decision denying her application for disability retirement benefits. We affirm.
 
 
 2
 In an initial decision dated May 12, 1993, OPM denied Ms. Beason's disability retirement benefits application on the ground that she had failed to demonstrate the existence of a disabling medical condition. OPM's regulations provided that any request for reconsideration of that decision must be received by OPM within 30 calendar days from the date of the initial decision. 5 C.F.R. Sec. 831.109(e)(1) (1993). The initial decision notified Ms. Beason of that time limit and further warned:
 
 
 3
 If you intend to submit additional evidence but it is unavailable to be sent with your timely request for reconsideration, do not delay your request. In such case, please state in your request that additional evidence will be submitted at a later date.
 
 
 4
 Because the initial decision was dated May 12, 1993, a request for reconsideration had to have been received by June 11, 1993, in order to have been timely. On June 28, 1993, OPM received a letter requesting reconsideration of the initial decision. OPM subsequently denied Ms. Beason's request for reconsideration on the ground that it was untimely. In a letter dated July 6, 1993, Ms. Beason requested a waiver of the time limit for her reconsideration request. On August 31, 1993, OPM declined to grant a waiver of the regulatory time limit.
 
 
 5
 Ms. Beason contends that OPM abused its discretion in declining to excuse her untimely request for reconsideration. OPM has discretion to extend the time limit for filing a request for reconsideration, but only when the individual making the request shows (1) that he or she was not notified of the time limit and was not otherwise aware of it, or (2) that he or she was prevented by circumstances beyond his or her control from making the request within the time limit. 5 C.F.R. Sec. 831.109(e)(2) (1993); see Azarkhish v. Office of Personnel Management, 915 F.2d 675, 677 (Fed.Cir.1990). Thus, Ms. Beason must first prove that she met one of these two criteria and then prove that OPM abused its discretion in not extending the time limit for filing the request. Azarkhish, 915 F.2d at 678. Ms. Beason does not contend that she was unaware of the time limit. She asserts that her inability to obtain the necessary medical records constituted circumstances beyond her control.
 
 
 6
 The MSPB concluded that Ms. Beason had not established that there were circumstances beyond her control which prevented her from timely filing her request for reconsideration with OPM. The MSPB decision noted that OPM's initial decision explicitly stated that Ms. Beason's request for reconsideration should not be delayed, even if she intended to submit additional evidence, and that the initial decision further counseled that, if additional evidence was unavailable, Ms. Beason should file a request and state in that request that the additional evidence would be submitted at a later date.
 
 
 7
 This court must affirm the decision of the MSPB if there is substantial evidence to support the MSPB's finding that Ms. Beason was not prevented from timely filing her request for reconsideration. 5 U.S.C. Sec. 7703(c) (1988); Azarkhish, 915 F.2d at 678. If such evidence exists, this court will not reach the issue of whether OPM abused its discretion in denying Ms. Beason's untimely request for reconsideration. Azarkhish, 915 F.2d at 678. Ms. Beason does not explain why she did not file a timely request for reconsideration stating that she would later supplement the request with additional evidence. The failure of her attorney to file such a request is not a sufficient excuse, especially since she admits giving her attorney a copy of the OPM decision prior to the June 11, 1993 deadline. See id. The complete absence of any reason why Ms. Beason was prevented from filing a timely request supports the MSPB's determination that Ms. Beason failed to establish that there were circumstances beyond her control which prevented her from timely filing her request. We must affirm.